**FEDERAL PUBLIC DEFENDER**
**WESTERN DISTRICT OF NORTH CAROLINA**
1 Page Avenue, Suite 210
Asheville, NC 28801
(828) 232-9992
Fax (828) 232-5575

*John G. Baker*
*Federal Public Defender*

*Megan C. Hoffman*
*First Assistant*

April 29, 2026

**<u>BY ECF</u>**
Ms. Nwamaka Anowi, Clerk
United States Court of Appeals
    For the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219-3517

**RE:   *United States v. Carson*, Fourth Cir. No. 25-4200**

Dear Ms. Anowi:

This letter advises the Court of a recent decision relevant to this appeal: *United States v. Martin*, No. 25-4233, --- F.4th ---, 2026 WL 1041869 (4th Cir. Apr. 17, 2026). *Martin* found safety measures are only within a traffic stop's mission if the measure was reasonably necessary under the totality of the circumstances. *Id.* at 4-5. This relates to whether Agent Corthell's researching the SUV's involvement in past crimes and the non-operating registered owner's criminal history impermissibly extended the stop for a suspended license. *See* Op. Br. at 32-37; Gov't Br. at 32-33.

In *Martin*, an officer impermissibly extended a stop for an illegally parked vehicle by asking if there was a gun or anything else in the car. *Id.* at 1-5. This Court found the officer's safety measure was not categorically permitted and instead required articulable facts demonstrating a reasonable "need[ ]" under the totality of the circumstances. *Id.* at 5. The facts failed to show a reasonable need for the officer's queries as the officer's testimony indicated he did not feel endangered after learning a firearm was in the car. *Id.* As a result, *the* officer "did not diligently pursue the purpose of the stop and impermissibly extended the stop[,]" because rather than "perform the customary checks on the occupants" for the illegally parked car, he "chose to engage in the unfounded criminal investigation about firearms…." *Id.* at 4-5.

*Martin* supports Carson's argument that Corthell's queries impermissibly detoured from the suspended license investigation. Neither Corthell's testimony nor the government's brief articulates facts from which this Court can find Corthell's actions were reasonably necessary. *See* Op. Br. at 32-37; Gov't Br. at 32-33. A vehicle is an inanimate object. Whether some person previously used the SUV to commit a crime is not reasonably useful, let alone reasonably necessary, for Corthell's safety. Nor was learning the criminal history of the SUV's registered owner, who may or may not have been present, reasonably necessary. This claim is undermined by Corthell's failure to even ask the occupants for their names. JA199.

Sincerely,

/s/ Melissa S. Baldwin
*Counsel for Jermaine Carson, Jr.*

cc: AUSA Amy E. Ray